IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| State Farm Fire and Casualty Company,<br><br>       Plaintiff,<br><br>  vs.<br><br>James Allen Busby, Senior;<br>Mark Busby; Christopher Busby;<br>Tri-County Homes, Inc.;<br>Cindy Dorman; Mark Busby, individually<br>and as Personal Representative of<br>the Estate of Elaine Mauldin;<br>and Paul Glenn Busby,<br><br>       Defendants. | Civil Action No. 8:23-140-DCC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

  This matter is before the court on defendant Tri-County Home, Inc.'s ("Tri-County") motion for summary judgment and to dismiss Cindy Dorman ("Ms. Dorman") (doc. 71) and defendant James Allen Busby, Senior's ("James") motion for summary judgment and to dismiss (doc. 82) his co-defendants Christopher Busby ("Christopher"); Ms. Dorman; Mark Busby ("Mark"), individually and as Personal Representative of the Estate of Elaine Mauldin ("the Mauldin Estate"); and Paul Glenn Busby ("Paul"). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases involving *pro se* litigants and to submit findings and recommendations to the district court.

**PROCEDURAL HISTORY**

  On January 11, 2023, plaintiff State Farm Fire and Casualty Company ("State Farm") filed this interpleader action seeking an order allowing it to pay the proceeds of an insurance policy into the registry of the court because of competing and conflicting claims

upon such proceeds by the defendants (doc. 1). The insurance policy at issue insures a structure at 398 Plantation Road in Anderson, South Carolina ("the subject property"), which was damaged by fire (*id.*, comp. ¶ 1; doc. 8, amend. comp. ¶ 1). State Farm filed an amended complaint on February 8, 2023 (doc. 8, amend. comp.). According to the allegations in the amended complaint, defendant James applied for a homeowners policy for the subject property on July 16, 2022, and policy number 40-CY-H555-5 ("the Policy") was issued by State Farm that day (*id.* ¶ 14; doc. 8-1, the Policy). While the Policy was in force, a fire occurred at the subject property on or about September 3, 2022, and on or about September 30, 2022, a claim was submitted on behalf of James by Brandy Busby, the sister-in-law of James (doc. 8, amend. comp. ¶ 17). State Farm investigated the claim, and during the course of its investigation, it received from defendant Ms. Dorman a power of attorney in favor of Ms. Dorman purportedly signed by defendant James (*id.* ¶ 18). State Farm is informed and believes that at the time of the fire defendants James, Mark, Paul, Christopher, and the Mauldin Estate all may have had either an ownership interest or an insurable interest in the subject property (*id.* ¶ 20).[1] State Farm is also informed and believes defendant Tri-County has some ownership interest in the land on which the structure is located and in the structure itself, and it claims some interest in any insurance proceeds owed under the contract of insurance (*id.* ¶ 21). State Farm alleges that it is uncertain which of the various defendants are owed the insurance proceeds, and, as a result, State Farm is or may be exposed to multiple or inconsistent claims for the insurance proceeds (*id.* ¶ 22). The amount of coverage on the subject property is $227,000.00, and State Farm admits its liability in this amount in addition to applicable lawful interest (*id.* ¶ 23).

---

[1] Defendants James, Mark, Paul, and Christopher Busby are brothers.

Defendant Tri-County filed an answer to the amended complaint on February 23, 2023 (doc. 16), and defendant James filed an answer to the amended complaint on March 17, 2023 (doc. 26). On April 20, 2023, State Farm requested that the Clerk of Court enter the default of defendant Mark, individually and as Personal Representative of the Mauldin Estate; defendant Christopher; and defendant Ms. Dorman (doc. 38). On April 21, 2023, the Clerk of Court entered the default of these defendants (doc. 40). On June 6, 2023, State Farm requested that the Clerk of Court enter the default of defendant Paul (doc. 52), which the Clerk of Court did on June 7, 2023 (doc. 53).

On August 16, 2023, plaintiff State Farm filed a motion to deposit interpleader funds and for dismissal (doc. 68). No response in opposition to this motion was filed by any defendant.[2] On August 22, 2023, defendant Tri-County filed the motion for summary judgment and motion to dismiss defendant Ms. Dorman that is now before the court for consideration (doc. 71).[3] By order filed on August 23, 2023, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), *pro se* defendant James was advised of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately to Tri-County's motion (doc. 75). Defendant James did not file a response in opposition to Tri-County's motion. On September 25, 2023, *pro se* defendant James filed his motion for summary judgment and to dismiss co-defendants Mark, Christopher, Paul, and Ms. Dorman that is now before the court for consideration (doc. 82). Plaintiff State Farm filed a response to James' motion on October 2, 2023 (doc. 84).

---

[2] As noted above, default has been entered by the Clerk of Court against defendants Mark, individually and as representative of the Mauldin Estate; Christopher; Paul; and Ms. Dorman. Nonetheless, State Farm attached a certificate of service to its motion to deposit interpleader funds and for dismissal showing that the motion was served on the defaulted defendants at their last known addresses (doc. 69-1).

[3] Tri-County also submitted an affidavit in support of its motion on November 8, 2023 (doc. 95).

3

On October 17, 2023, the undersigned entered an order granting State Farm's motion to deposit interpleader funds (doc. 88). The undersigned further recommended that the district court dismiss State Farm from this action *with prejudice* and that this action continue as between the defendants to determine who is entitled to the proceeds of the Policy (*id.*). No objections to the recommendation have been filed, and the recommendation is now pending before the district court.

On November 1, 2023, the undersigned set a hearing on the pending motions in this matter for November 20, 2023 (doc. 92). In addition to mailing the hearing notice to *pro se* defendant James, the undersigned directed the Clerk of Court to mail the notice to the remaining individual defendants, who, as noted, are all in default, at their last known addresses as provided in ECF doc. 69-1. As directed, the notices were mailed by the Clerk of Court on November 1, 2023 (doc. 93).

On November 17, 2023, State Farm submitted a letter that it received from defendant Paul (doc. 98). In the letter, which is dated November 12, 2023, Paul states that he and his brothers Mark and Christopher only agreed to let James live in the subject property until they could sell it and split the proceeds; they never agreed to give the subject property to James (doc. 98-1 at 3). Paul further notes that the only other entity with an "interest in this matter" is "the one[] Father & Mother was buying it from" (*id.* at 4).

On November 20, 2023, a hearing was held before the undersigned on the pending motions. *Pro se* defendant James and counsel for defendant Tri-County appeared at the hearing (doc. 99). Counsel for plaintiff State Farm was told prior to the hearing that they did not need to appear. Despite being given notice of the hearing, the remaining individual defendants did not appear at the hearing and have not otherwise appeared in this case.

## APPLICABLE LAW AND ANALYSIS

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

*Defendant Tri-County's Motion*

Defendant Tri-County argues that it is entitled to entry of summary judgment in its favor on the grounds that it is owed a sum certain for the balance due on the land contract for the property that is the subject matter of this case (doc. 71). The documents submitted by Tri-County show that on August 16, 2004, it sold William I. Busby real property and a mobile home for the purchase price of $70,800.00 (doc. 71-1). Tri-County also provided the affidavit of Van Wells, Vice President of Tri-County, who testified that Tri-County is a lienholder regarding the subject property, and it is owed the sum certain of $33,798.35 (doc. 95). As noted, no party disputes that Tri-County is owed the amount it claims, and defendant James, the only individual defendant who has appeared in this action, has specifically stated in his Federal Rule of Civil Procedure 26(a)(1) disclosures that he "is in agreement with the amount Tri-County . . . claims to be owed . . . to satisfy their lien on the property in the amount of $33,798.35. Therefore, defendant [James] has no objection to Tri-County . . . being paid this amount from the insurance money deposited with the court from the policy defendant has with State Farm . . ." (doc. 71-2 at 2). Accordingly, the undersigned recommends that the district court grant Tri-County's motion for summary judgment in its favor and order the Clerk of Court to pay defendant Tri-County $33,798.35 out of the funds deposited in the registry of the court for this case.

Defendant Tri-County further argues that defendant Ms. Dorman should be dismissed from this action as she is not a real party in interest, has no personal claim to the interpleaded insurance proceeds, and is not needed as a power of attorney for defendant James at this point (doc. 71 at 3). Pursuant to Federal Rule of Civil Procedure 21, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. As set out above, Ms. Dorman's only involvement in this case stems from State Farm's investigation of the claim during which it received from defendant Ms. Dorman a power of attorney in favor of

6

Ms. Dorman purportedly signed by defendant James (doc. 8, amend. comp. ¶ 18). Defendant James states in his Rule 26(a)(1) disclosures:

> The only parties who have a valid interest in this case are [defendant James], Tri-County . . . , and State Farm . . . . Cindy Dorman was only trying to help the [d]efendant [James] while he was incarcerated by the South Carolina Department of Corrections as the person he gave power of attorney to so that a person he trusts could act on his behalf while incarcerated. Since the defendant is now no longer incarcerated, Cindy Dorman will no longer be needed to act of defendant's behalf, and she no longer has any interest in this case.

(Doc. 71-2 at 1). As noted, no party has filed a response in opposition to Tri-County's motion, and default has been entered against Ms. Dorman. Accordingly, the undersigned further recommends that Tri-County's motion be granted and defendant Ms. Dorman be dismissed from this case.

**Defendant James' Motion**

Defendant James, who is proceeding *pro se*, argues in his motion that he is entitled to summary judgment as "[n]one of the other Defendants that are alleged to possibly have an interest in the proceeds from the insurance policy have filed any pleadings with this court indicating any such interest" (doc. 82 at 1). He further contends that because his brothers Mark, Christopher, and Paul "have not filed any pleadings with this court asserting any interest in this case, they have lost any interest in the insurance policy by default . . . " (*id.*).[4] Accordingly, the undersigned has also construed defendant James' motion for summary judgment as a motion for default judgment against defendants Mark,

---

[4] In the remainder of his motion for summary judgment and to dismiss, defendant James contends that this interpleader action was unnecessary as a "simple investigation by State Farm would have revealed" that defendant James was given the subject property by mutual agreement between James and his co-defendant brothers after their mother's death (doc. 82 at 2). The undersigned disagrees. As noted by plaintiff State Farm in its response, defendants Mark, Christopher, and Paul could have made filings relinquishing any claim to the insurance proceeds, and that they did not is sufficient evidence that the filing of the interpleader was both proper and necessary (doc. 84 at 2).

7

Christopher, and Paul.[5] James further argues that Ms. Dorman should be dismissed from the case as "she was only acting in his behalf while incarcerated" (*id.* at 2). If the district court adopts the undersigned's recommendation as to Tri-County's motion to dismiss Ms. Dorman, this portion of James' motion will be rendered moot.

The undersigned recommends that the district court grant defendant James' motion for summary judgment in his favor and for default judgment against defendants Mark, Christopher, and Paul. In his answer to the amended complaint and Rule 26(a)(1) disclosures, James states that he lived with and took care of his mother for approximately eight years, and upon her death in January 2021, he and his brothers agreed that he would continue living in the subject property and the property would become his (doc. 20 at 2, 4; doc. 71-2 at 1-2). James states that he made all mortgage payments and paid all of the bills on the subject property since his mother's death, and he has borne all the costs and labor for the maintenance and upkeep of the structure (doc. 20 at 4; doc. 71-2 at 2). As noted, default has been entered against defendants Mark, individually and as Personal Representative of the Mauldin Estate; Christopher; and Paul (docs. 40, 53). Moreover, despite being in default, these defendants have been served at their last known addresses with James' motion for summary judgment and to dismiss (doc. 82-2) and the court's notice of the November 20th hearing, yet they have failed to file any response to the motion or to appear at the hearing to formally assert any interest in the insurance proceeds of the Policy.[6] Accordingly, the undersigned recommends that the district court grant defendant

---

[5] Defendant James also made an oral motion for default judgment at the November 20th hearing.

[6] As noted above, State Farm provided a letter it received from Paul dated November 12, 2023, regarding an agreement between himself and his brothers Mark and Christopher to let James live in the subject property until they could sell it and split the proceeds (doc. 98-1 at 3). However, Paul did not file an answer in response to the amended complaint, move to set aside the entry of default against him, appear at the November 20th hearing, nor otherwise make any appearance in this case. Whether his purported agreement was enforceable, and whether it included the interpleaded insurance proceeds, was never put

James' motion for summary judgment and order that the Clerk of Court disburse to defendant James the remainder of the funds deposited by State Farm in the registry of the court for this case after disbursing to defendant Tri-County $33,798.35 in satisfaction of its lien on the subject property.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the undersigned RECOMMENDS that the district court GRANT defendant Tri-County's (doc. 71) motion for summary judgment and to dismiss Ms. Dorman from this case and GRANT defendant James' (doc. 82) motion for summary judgment and to dismiss his co-defendants Mark, Christopher, and Paul from this case, which has also been construed as a motion for default judgment. The undersigned further RECOMMENDS that the district court enter an order disbursing to defendant Tri-County $33,798.35 in satisfaction of its lien on the subject property and to defendant James the remainder of the interpleaded funds.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald  
United States Magistrate Judge

November 27, 2023  
Greenville, South Carolina

*The attention of the parties is directed to the important notice on the following page.*

---

at issue here.

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).